*Elroy BENALLY*
Appellant
*vs.*
*BIG A WELL SERVICE, Co., Key Four Corners, Inc.,*
*and Key Energy Services, Inc.*
Appellees

In the Supreme Court of the Navajo Nation

No. SC-CV-27-99

August 28, 2000

Daniel M. Rosenfelt, Esq., and Michael J. Barthelemy, Esq., Albuquerque, New Mexico, for Appellant.

Kyle M. Finch, Esq., Farmington, New Mexico, for Appellees.

Before AUSTIN, Acting Chief Justice, and HOLGATE and GILMORE, Associate Justices.

Opinion delivered by AUSTIN, Acting Chief Justice.

This appeal arises from an April 29, 1999 order of dismissal by the Shiprock District Court. It ruled that the plaintiff had elected Colorado workers' compensation benefits and had been compensated for his injury under that statutory scheme. We affirm the district court's order.

I

Elroy Benally ("Benally"), the plaintiff in the district court, is a Navajo oil field worker who was injured on June 30, 1998 while attempting to "unseat a packer" at an oil well location in the Utah portion of the Navajo Nation. Shortly after his injury, Benally applied for and received Colorado workers' compensation benefits for his injury, and at the time of the order of dismissal, he received a weekly compensation benefit of $493.08.

On November 3, 1999, Benally brought a separate personal injury action against his employer and others ("the Appellees"). The Appellees filed a motion

to dismiss the complaint on the ground that Benally had elected state workers' compensation benefits and his receipt of those benefits barred any suit against them in court. The district court agreed and ruled that because Benally elected to receive state workers' compensation benefits, he was not entitled to maintain a separate tort action in court for damages for the same injury. The district court specifically considered that the case of *Nez v. Peabody Western Coal Co.*, 7 Nav. R. 416 (Nav. Sup. Ct. 1999) ("Nez case"), was pending before this Court, but did not stay its proceedings until after this Court had rendered its decision in that case.

On appeal, Benally claims that the Nez case requires that we reverse the district court decision because the issues in the Nez case and this case are identical. The Appellees urge the Court to affirm, based upon Navajo Nation Council Resolution No. CJA-18-00 (January 28, 2000) and a motion to dismiss filed in the Arizona Federal District Court regarding the Nez case. That motion was brought by the Navajo Nation in the name of the justices in the Nez case – the Honorable Robert Yazzie, the Honorable Allen Sloan and the Honorable Lorene Ferguson. *Peabody Western Coal Co. v. Nez*, No. CV-99-2081 PCT-RGS (D. Ariz.).

We decline to accept the Appellees' theory of this appeal. First, any cause of action Benally might have arose on June 30, 1998, prior to the passage of Navajo Nation Council Resolution No. CJA-18-00. This resolution provides that state and Navajo Nation workers' compensation statutes are the exclusive remedy for injuries to employees in the work place.[1] We agree with Benally that while the Navajo Nation Council has the authority to change the law (in situations not involving vested civil rights), it cannot retroactively deprive a litigant of the property right to sue for injuries. Second, the Appellees may not rely upon the February 14, 2000 motion to dismiss filed with the federal district court in the case of *Peabody Western Coal Company v. Nez*, No. CV-99-2081 PCT-RGS (D.Ariz.), because that motion was not reviewed, approved or authorized by the judge defendants and it does not represent their position. Third, this appeal is ripe for review on the merits and may be resolved by applying the Nez case.

## II

Apparently, there is some confusion about this Court's ruling in *Nez v. Peabody Western Coal Co.*, 7 Nav. R. 416 (Nav. Sup. Ct. 1999). That case involved a Navajo worker who claimed that the Arizona workers' compensation scheme did not fully compensate her for an injury arising from her employment. Nez suffered chemical burns to her face while cleaning paint brushes for her employer. In 1995, Nez applied to the Arizona Industrial Commission and was awarded

[1] Navajo Nation Council Resolution No. CJA-18-00, at resolved clause no. 2, states as follows: "Until such time as the Navajo Nation develops a comprehensive workers' compensation law covering all employers within the jurisdiction of the Navajo Nation, the Navajo Nation Council recognizes existing workers' compensation coverage, whether under a state statutory scheme or under Navajo statutory law to be the exclusive remedy for covered injuries to employees occurring in the work place." We do not pass on the validity of this resolution in this decision.

benefits for partial disability for the injury to her face. Nearly a year later, in spring 1996, she applied for supplemental workers' compensation benefits alleging that the injury caused her permanent facial disfigurement which the initial award had not covered. The Industrial Commission denied her claim for additional compensation and closed her case. She then filed an action in the Kayenta District Court against her employer claiming she was entitled to additional damages for the permanent disfigurement which was not covered by her workers' compensation award. She asserted a right to this additional compensation under the Navajo common law principle of *nályééh*, meaning compensation for an injury in accordance with her actual needs. The Kayenta District Court ruled that Nez made a choice of remedies when she elected to claim Arizona workers' compensation benefits and dismissed her complaint. *Nez v. Peabody Western Coal Co.*, No. KY-CV-040-97 (Kayenta Dis. Ct. July 25, 1997).

On appeal, we ruled that Nez might have a right to maintain a separate damage action in our courts for additional damages if there were good reasons to refuse to give comity recognition to the Arizona workers' compensation award. *Nez v. Peabody Western Coal Co.*, 7 Nav. R. 416, 420. Such reasons include a determination of whether there was a knowing, conscious and free waiver of a separate cause of action, consideration of whether there are factual circumstances to avoid the application of equitable estoppel, and a factual finding that the claimant had a remedy which was "substantially different" from a Navajo common law remedy. *Id.* at 420–421.

We did not say that injured employees have an unfettered right to sue despite the receipt of workers' compensation benefits. We acknowledged that these types of claims require "a delicate balancing test" that on one hand recognizes our courts' duties to ensure justice for injured parties and to apply Navajo common law, while on the other, recognizes a state's legitimate interest in its workers' compensation program and the employers' interest in predictable procedures. *Id.* at 420. Thus, we cautioned our courts to exercise jurisdiction over these types of cases with 'restraint." *Id.*

We held that in circumstances where a worker does not have a remedy which is substantially equivalent to need as commanded by the principle of *nályééh*, there would be a cause of action if the worker did not waive his or her Navajo common law remedy, and if there were no circumstances to raise equitable estoppel. *Id.* at 420–421. Those are very high barriers for a limited class of claims.

We now take this opportunity to explain the principle of *nályééh*. It does not carry the same meaning as "the adequate award" in contemporary personal injury practice. *See,* M. Belli, Modern Trials §67.1 (1982). Generally, *nályééh* means compensation for an injury. However, it has a deeper meaning of a demand to "make right" for an injury and an invitation to negotiate what it will take so that an injured party will have "no hard feelings." *Benalli v. First Nat'l Ins. Co. of Am.*, 7 Nav. R. 329, 338 (Nav. Sup. Ct. 1998). It is possible that in some *k'é* relationships,

symbolic compensation will be enough so that there are 'no hard feelings," because the parties discussed the injured person's needs, the needs and resources of the tortfeasor, and the relationship of the parties. In most instances where an employee receives a workers' compensation award, the *nályééh* principle should be satisfied, because there is a method of determining the nature of the injury and the monetary needs of the worker.

The primary issue here is whether the district court properly gave comity recognition to the Colorado workers' compensation award, based upon our ruling in *Nez*. Here, we have a Navajo worker who, at the time of filing his suit, was actually receiving workers' compensation benefits of $493.08 per week, and those benefits did not expire under circumstances where the worker could claim he was not properly compensated for his injuries on the basis of need. We recognize that such benefits may not be the same as an award in a personal injury action, but at the same time, workers have a prompt remedy, they do not have to face the defenses of contributory or fellow worker negligence, and costs in terms of money and time are minimal.

The district court was in a position to hear Jolene Nez's theories, because her attorneys are the same attorneys who appear for Benally in this case. The court found that Benally was fully compensated for his injuries under the Colorado workers' compensation scheme. The district court, in effect, exercised its discretion to give comity recognition to the Colorado award, and we do not find that to be an abuse of its discretion.

The judgment of the Shiprock District Court is AFFIRMED.